91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
QUARK LIMITED PARTNERSHIP, Plaintiff-Appellant,
v.
MASSEY SAND & ROCK COMPANY PROFIT SHARING TRUST; Massey
Sand & Rock Company Profit Sharing Plan; James Vernard, as
Co-Trustee and Co-Administrator of the Massey Sand & Rock
Company; Don Briscoe, as Co-Trustee and Co-Administrator of
the Massey Sand & Rock Company, Defendants-Appellees.
 No. 95-55372.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1996.
Decided July 5, 1996.
 
 Before: FLETCHER, BEEZER AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Quark appeals the district court's grant of summary judgment in favor of defendants (collectively "Massey") on its claim that Massey violated California usury law. Because Massey Trust was the lender on the loan and is exempt from California usury law, we affirm.
 
 
 3
 * We review a grant of summary judgment de novo. Webster v. Omnitrition Int'l, Inc., 79 F.3d 776, 781 (9th Cir.1996).
 
 
 4
 Massey Plan is an ERISA benefits plan. Massey Trust is a trust set up by the plan to invest employer and employee contributions under the plan. Quark is a California limited partnership which borrowed money from Massey Trust.[1]
 
 
 5
 Massey Trust loaned Quark money in a series of loans, at an interest rate that Quark claims to be usurious under California law. Massey Trust was the named lender on the loans, and the funds came from the Trust's bank account. Because Massey Trust is licensed as a California commercial finance lender, it is exempt from California usury law. 1982 Cal.Stats. 1082, § 23 (repealed 1995).[2] Nonetheless, Quark argues that ERISA requires that the Plan, rather than the Trust, lend Plan funds. Because the Plan is not exempt from California usury law, Quark argues that the loan was usurious. Quark is wrong.
 
 
 6
 Under California law, only the lender on the loan must be exempt from California usury law. The underlying source of the funds, like a later assignment of the loan, is irrelevant to the exempt status. See California Constitution Art. XV, § 1 (usury law does not apply to "loans made by" members of exempt classes, or to "any successor in interest" to an exempt loan); cf. Strike v. Trans-West Discount Corp., 155 Cal.Rptr. 132, 139 (Cal.App.) (rejecting the argument that because an exempt lender assigned a loan to a nonexempt assignee that the loan was no longer exempt from usury law), cert. dismissed, 444 U.S. 948 (1979). Thus, even if Quark had standing to raise ERISA violations,[3] whether Massey Trust violated ERISA by lending Plan funds is irrelevant to whether the Trust was exempt from California usury law.
 
 
 7
 Quark also argues that the California Financial Code distinguishes between ERISA plans and trusts, and that it does not affirmatively permit ERISA trusts to hold commercial lenders' licenses. The code allows trusts to hold such licenses, however, and does not distinguish between ERISA trusts and other trusts. 1982 Cal.Stats. 1082, § 23 (repealed 1995).
 
 
 8
 Because we affirm summary judgment in favor of Massey on other grounds, we do not address Massey's argument that ERISA preempts California usury law as it relates to ERISA plans.
 
 II
 
 9
 Quark also appeals the district court's grant of attorneys' fees to Massey. Because Quark filed its notice of appeal before the fee order was entered, and did not amend the notice of appeal to include the fee order, we do not have jurisdiction to consider the fee order. Fed.R.App.P. 4(a)(1) (notice of appeal must be filed within 30 days after the order from which the appeal is taken); Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617 (9th Cir.1993) (notice of appeal filed after the judgment but before the determination of the fee award does not serve as notice of appeal for the fee award); Bird v. Reese, 875 F.2d 256, 257 (9th Cir.1989) (notice of appeal is mandatory and jurisdictional).
 
 III
 
 10
 Pursuant to provisions in the promissory notes, Massey seeks attorneys' fees incurred on appeal. We grant reasonable attorneys' fees and costs to Massey, in an amount to be determined by the district court. See Cal.Code Civ.Proc. § 685.040 (1996 Supp.).
 
 CONCLUSION
 
 11
 We affirm summary judgment in favor of Massey, and remand for an award of reasonable attorneys' fees and costs on appeal to Massey.
 
 
 12
 AFFIRMED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Quark is also the successor-in-interest to two other companies, TLP, Ltd. and Newco Development Corporation, which borrowed money from Massey Trust. For purposes of simplicity, all of the borrowers are referred to as "Quark."
 
 
 [2]
 Although repealed effective July 1, 1995, § 23 applies to Quark's claims. See Cal.Fin.Code, §§ 26000 et seq., Historical and Statutory Notes (West 1996 Supp.) (quoting 1994 Cal.Stats. 1115 (A.B. 2885), § 8)
 
 
 [3]
 Quark does not have standing to challenge Massey's alleged violation of ERISA. A civil action under ERISA can be brought only by plan participants, beneficiaries or fiduciaries, or by the Secretary of Labor. 29 U.S.C. § 1132(a). Quark is not authorized to maintain an ERISA action